Timothy J. Botdorf and Janice M. Botdorf,
Plaintiffs-Appellants,

v.

Samuel R. Krebsbach,
American Family Mutual Insurance Company
and Health Insurance Risk Sharing Plan,
p/k/a Wisconsin Physicians Service Corporation,
Defendants,

Allstate Vehicle and Property Insurance Company,
Defendant-Respondent.†

Court of Appeals

*No. 2012AP2041. Submitted on briefs June 4, 2013.
—Decided July 30, 2013.*

2013 WI App 99

(Also reported in 837 N.W.2d 641.)

† Petition to review filed 9-27-13.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Lynn R. Laufenberg* and *Michael J. Jassak* of *Laufenberg, Stombaugh & Jassak, S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John M. Swietlik*, Jr. and *Michael J. Cerjak* of *Kasdorf, Lewis & Swietlik, S.C.*, Milwaukee.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. BRENNAN, J. Timothy J. and Janice M. Botdorf appeal from the circuit court's judgment, granting Allstate Vehicle and Property Insurance Company's motion for summary judgment and thereby dismissing all of the Botdorfs' claims against Allstate. The Botdorfs contend that the endorsement Allstate issued to cover their Ford Econoline Wagon on November 11, 2009, was a "polic[y] issued" after November 1, 2009, and that, therefore, WIS. STAT. § 632.32(6)(g) (2009–10)[1] acts to bar the reducing clause included in the policy that the circuit court relied upon when determining that the Botdorfs were not entitled to underinsured motorist coverage. We agree with the

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted. The statute at issue, WIS. STAT. § 632.32(6)(g), which the parties agree prohibited the inclusion of reducing clauses in insurance policies, was only in

Botdorfs and reverse and remand back to the circuit court for further proceedings.

## BACKGROUND

¶ 2.   On October 9, 2009, the Botdorfs renewed an automobile insurance policy through Allstate. Included in their policy was $100,000 in underinsured motorist coverage. The policy contained a reducing clause that reduced the amount of underinsured motorist coverage, as relevant to this appeal, by:

> all amounts paid by or on behalf of any person or organization that may be legally responsible for the **bodily injury** for which the payment is made, including, but not limited to, any amounts paid under the **bodily injury** liability coverage of this or any other insurance policy.

¶ 3.   Earlier that year, on June 29, 2009, the Wisconsin Legislature enacted 2009 Wisconsin Act 28, which, among other things, prohibited the inclusion of reducing clauses in "motor vehicle insurance policies issued or renewed" on or after November 1, 2009. *Id.*, §§ 3171, 9326(6), 9426(2).

¶ 4.   On November 10, 2009, shortly after the new law took effect, the Botdorfs contacted Allstate to request insurance for their newly acquired Ford Econoline. Allstate processed a policy endorsement for the existing policy and informed the Botdorfs that the Ford Econoline would have coverage effective November 11, 2009. Allstate then sent them a document entitled "Amended Auto Policy Declarations" showing coverage for the new vehicle.

---

effect from November 1, 2009, through November 1, 2011. *See* 2009 Wis. Act 28, §§ 3171, 9326(6), 9426(2); *see also* 2011 Wis. Act 14, §§ 26, 29(1).

¶ 5.   On November 28, 2009, while driving the newly insured Ford Econoline, Timothy Botdorf was involved in an accident allegedly caused by Samuel R. Krebsbach. Krebsbach's insurer, American Family Mutual Insurance Company, covered liability limits of $250,000 for bodily damages per person, with a total liability limit of $1,000,000 per occurrence. Allstate denied the Botdorfs' claim for underinsured motorist coverage.

¶ 6.   In October 2011, the Botdorfs brought suit against Krebsbach, American Family, Wisconsin Physicians Service Insurance Corporation, and Allstate.[2] In the complaint, the Botdorfs claimed that under their Allstate insurance policy they were entitled to the entirety of their underinsured motorists insurance, that is, $100,000.

¶ 7.   Allstate moved for summary judgment, contending that Krebsbach's liability limit exceeded the Botdorfs' underinsured motorist coverage, and that therefore, the reducing clause eliminated the Botdorfs' claim against Allstate. In response, the Botdorfs contended that the endorsement issued by Allstate to insure the Ford Econoline on November 11, 2009, created a new policy issued after November 1, 2009, and therefore that the reducing clause within the original policy was invalid pursuant to Act 28.

¶ 8.   The circuit court granted summary judgment to Allstate, reasoning that the addition of the Ford Econoline to the policy was merely an endorsement to the original policy because it did not change the under-

---

[2] By the parties' stipulation, the Health Insurance Risk Sharing Plan was later named in place of Wisconsin Physicians Service Insurance Corporation. The final judgment before this court refers only to Allstate. The Botdorfs' claims against the remaining parties are still pending before the circuit court.

lying merits of the original policy, and therefore the endorsement itself did not amount to a new policy issued or renewed after November 1, 2009. The Botdorfs appeal.

## DISCUSSION

¶ 9.   In 2009, the legislature passed 2009 Wisconsin Act 28, § 3171, renumbering Wis. Stat. § 632.32(5)(i) as § 632.32(6)(g) and changing the substance of the statute from one permitting reducing clauses in insurance policies to one prohibiting reducing clauses. The new § 632.32(6)(g) expressly stated:

No policy may provide that the limits under the policy for uninsured motorist coverage or underinsured motorist coverage for bodily injury or death resulting from any one accident shall be reduced by any of the following that apply:

1. Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made.

2. Amounts paid or payable under any worker's compensation law.

3. Amounts paid or payable under any disability benefits laws.

The new statute prohibiting reducing clauses was to "first apply to motor vehicle insurance policies issued or renewed on the effective date" set forth in Act 28. 2009 Wis. Act 28, § 9326(6). The parties here all agree that § 632.32(6)(g)'s effective date was November 1, 2009. *See* 2009 Wis. Act 28, § 9426(2).

¶ 10.   Consequently, the only issue before this court is whether the Allstate insurance "polic[y]" covering the Botdorfs' Ford Econoline was "issued or re-

740

newed" after November 1, 2009, such that the reducing clause in the policy would be invalid under the law. *See* 2009 Wis. Act. 28, § 9326(6). That question requires us to engage in both statutory construction and interpretation of an insurance policy, both issues which we undertake *de novo. See State Farm Mut. Auto. Ins. Co. v. Bailey*, 2007 WI 90, ¶¶ 18, 21, 302 Wis. 2d 409, 734 N.W.2d 386.

¶ 11. The Botdorfs contacted Allstate on November 10, 2009, to request coverage for their new Ford Econoline. Rather than issuing an entirely new policy, which clearly would have been a "polic[y] issued" after November 1, 2009, *see* 2009 Wis. Act 28, § 9326(6), Allstate chose to add the new vehicle to the Botdorfs' existing policy by endorsement. In a document entitled "Amended Auto Policy Declarations" Allstate insured the new vehicle. Allstate argues that because coverage for the new vehicle was by an endorsement it was not a "polic[y] issued or renewed" after November 1, 2009, *see* 2009 Wis. Act 28, § 9326(6), and was instead merely a change to the existing policy, which had been renewed on October 9, 2009. We disagree.

¶ 12. WISCONSIN STAT. § 600.03(35) defines "[p]olicy," in relevant part, as "any document . . . used to prescribe in writing the terms of an insurance contract, *including endorsements . . . .*" (Emphasis added.) The plain language of the statute includes an endorsement as policy and here the endorsement was issued after November 1, 2009. We have repeatedly stated that we "assume that the legislature's intent is expressed in the statutory language" it uses and when " 'the meaning of the statute is plain, we ordinarily stop the inquiry.' " *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶¶ 44–45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). That being so,

we must conclude that the Ford Econoline endorsement was a policy issued after November 1, 2009, and that the corresponding reducing clause is therefore invalid.[3]

¶ 13.  Our holding is further supported by both statute and caselaw requiring us to broadly construe Wis. Stat. § 632.32 in favor of coverage. Wisconsin Stat. § 600.12(1) expressly states that: "Unless otherwise provided, chs. 600 to 655 shall be liberally construed to achieve the purposes stated therein." And caselaw holds that the "purpose of § 632.32 is to 'assure insurance coverage to accident victims' and it 'must be broadly construed so as to increase rather than limit coverage.' " *Stone v. Acuity*, 2008 WI 30, ¶ 32, 308 Wis. 2d 558, 747 N.W.2d 149 (citation omitted). Certainly, by prohibiting insurance companies from including reducing clauses in their policies, the legislature, in passing 2009 Wisconsin Act 28, § 3171, meant to expand that coverage, and when reasonable, we should broadly construe the statutes to ensure that purpose is achieved. That is the case here.

¶ 14.  In sum, the endorsement issued by Allstate, effective November 11, 2009, constituted a "polic[y] issued" after November 1, 2009. *See* 2009 Wis. Act 28, § 9326(6). As such, the reducing clause included in that policy is contrary to the law in effect at the time the policy was issued and is therefore invalid. We reverse the

---

[3] Furthermore, nowhere in its brief does Allstate bother to refute the Botdorfs' argument that the plain language of Wis. Stat. § 600.03(35) requires the conclusion that because a policy is an endorsement, the endorsement issued here was a policy issued after November 1, 2009. Unrefuted arguments are deemed admitted. *Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).

circuit court's decision to the contrary and remand this case back to the circuit court for further proceedings.[4]

*By the Court.*—Judgment reversed and cause remanded.

---

[4] Because we conclude that the statutes and caselaw direct the result set forth above, we need not address the Botdorfs' alternative arguments. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶ 8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 ("[W]e decide cases on the narrowest possible grounds.").