COURT OF APPEALS
DECISION
DATED AND FILED

January 18, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP433-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF1

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JOHN M. GROENEWOLD,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Shawano County: JAMES R. HABECK, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. John Groenewold appeals a judgment, entered following a jury trial, convicting him of one count of using a computer to facilitate

a child sex crime and three counts of causing a child to view sexual activity. Groenewold argues that the prosecutor committed plain error by making improper comments while cross-examining him. We agree with the State that, with one exception, the prosecutor's comments were not improper. We further agree with the State that the prosecutor's single improper comment did not rise to the level of plain error. We therefore affirm.

## BACKGROUND

¶2    On December 9, 2016, a detective from the Shawano County Sheriff's Office was working an undercover chat operation regarding the sexual abuse of children and placed an ad on Craigslist under the headline "Before it snows!!!! - w4m (Shawano area)."[1]    The ad's text read: "Will be alone all weekend, looking for someone to come over :) No idiots, no games, be real!!" Groenewold responded to the ad, asking for more information about the person who posted it. Three days later, the detective responded to Groenewold and identified himself as a fifteen-year-old girl named Kayla. Groenewold asked Kayla to clarify whether she was actually fifteen years old, and the detective responded, "[Y]es 15, fifteen, five plus ten lol."

¶3    Groenewold continued to communicate with Kayla by email and text message throughout December 2016. During that time, Groenewold sent Kayla multiple sexually explicit messages and photographs of his erect penis. Groenewold also spoke on the phone with a sheriff's deputy posing as Kayla. Groenewold and Kayla ultimately made plans to meet up in the Shawano area to

---

[1] The abbreviation "w4m" means "woman for man." *State v. Arbogast*, 506 P.3d 1238, 1242 n.1 (Wash. 2022).

have sex. Groenewold drove to the Shawano area to meet Kayla on December 30, 2016, and while en route, he communicated with Kayla by both phone and text. During those conversations, Kayla confirmed that she was fifteen years old, and she and Groenewold discussed their plans to have sex. Groenewold was arrested when he arrived at the arranged meeting place.

¶4 Based on these events, the State charged Groenewold with one count of using a computer to facilitate a child sex crime and three counts of causing a child to view sexual activity. Groenewold entered not-guilty pleas, and the case proceeded to a jury trial.

¶5 At trial, it was undisputed that Groenewold had sent the sexually explicit messages and images in question and had arranged to meet Kayla for sex. The only disputed issue was whether Groenewold believed or had reason to believe that the person with whom he was communicating was under the age of sixteen for purposes of the charge of using a computer to facilitate a child sex crime and under the age of eighteen for purposes of the remaining charges. *See* WIS. STAT. §§ 948.055(1), 948.075(1r) (2019-20).[2]

¶6 The State presented testimony at trial from the detective who placed the Craigslist ad and subsequently communicated with Groenewold via email and text. The detective testified regarding the messages and pictures that Groenewold sent, and an exhibit containing those messages and pictures was introduced into evidence. The jury also heard testimony from the deputy who portrayed Kayla

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

while speaking with Groenewold on the phone. In addition, recordings of those conversations were played for the jury.

¶7 Groenewold testified in his own defense. On direct examination, Groenewold admitted that he was the person who answered the Craigslist ad and later communicated with Kayla by email, text, and phone. He asserted, however, that he believed Kayla was over eighteen and was lying when she said that she was only fifteen. He testified that he "hoped to trip [Kayla] up and make her say that she was 18, but she never did."

¶8 The prosecutor began his cross-examination of Groenewold by stating:

> You sound creepy, man. You do. You sound creepy. The things you're saying here, just they don't add up.
>
> You are a person who says you don't—you didn't believe it was a 15 year old girl. And that you came up here to try to trick that person. That has really, really odd and strange types of behavior, wouldn't you think so?

Groenewold responded that he was trying "to get [Kayla] to actually say, okay, I am 18 and I'm doing this for whatever reason."

¶9 Later on, when discussing Groenewold's decision to respond to the Craigslist ad, the prosecutor asked, "So why even go there? Why even think of having a discussion with a 15 year old? Why even do something like that?" Groenewold replied that he "went to Craigslist to have a sexual discussion" and responded to the top ad because he was "lazy." The prosecutor responded, "You had all those e-mails, 30 e-mails, and all those text messages. And you're telling us you were lazy? You were intent. You were intent."

¶10     Groenewold subsequently asserted on cross-examination that the Craigslist ad to which he responded said that the individual who posted the ad was eighteen.  The prosecutor responded:

> Not this one.  Because the coinciding ad—or the coinciding response to this is exactly what you just had talked about.  It says, hi.  Hey.  It says hi, Kayla.  Where you from?  And then she gives you this whole description of being 15.  And then prior to that, you even ask, hey, are you really 15?
>
> And there's nothing in this entire response that talks—that shows anything about being 18 or an adult.  Nothing, no reference whatsoever.   The only adult there is you, figuratively speaking.

Groenewold's attorney then objected, and the prosecutor ended his questioning.  On redirect examination, Groenewold testified that he may have seen a different Craigslist ad that stated the person who posted the ad was eighteen.

¶11     The jury ultimately found Groenewold guilty of all four of the charges against him.  Groenewold now appeals.

## DISCUSSION

¶12     Groenewold argues that the prosecutor committed plain error while cross-examining him by making "inappropriate and editorial comments" that "constituted [the prosecutor's] opinion on Groenewold's guilt and improperly and unfairly undermined Groenewold's theory of defense," thus violating Groenewold's right to due process.  An allegation of plain error affecting a defendant's constitutional right to due process presents a question of law that we review de novo.  *State v. Bell*, 2018 WI 28, ¶8, 380 Wis. 2d 616, 909 N.W.2d 750.

¶13     "The plain error doctrine allows appellate courts to review errors that were otherwise waived by a party's failure to object."  *State v. Jorgensen*,

2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77. Plain error is "error so fundamental that a new trial or other relief must be granted even though the action was not objected to at the time." *Id.* (citation omitted). The error must be "obvious and substantial," and courts should use the plain error doctrine "sparingly." *Id.* (citation omitted). For example, the plain error doctrine should be used "where a basic constitutional right has not been extended to the accused." *Id.* (citation omitted). "If the defendant shows that the unobjected to error is fundamental, obvious, and substantial, the burden then shifts to the State to show the error was harmless." *Id.*, ¶23.

¶14     Improper comments by a prosecutor may constitute plain error, but "not all inappropriate statements by a prosecutor result in a due process violation that gives rise to plain error." *Id.*, ¶41. To determine whether a prosecutor's comments constituted plain error, we must consider whether the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.*, ¶40 (citation omitted). A conviction should not be lightly overturned based on a prosecutor's comments "standing alone," and we must therefore view the comments in context to determine "whether the prosecutor's conduct affected the fairness of the trial." *State v. Burns*, 2011 WI 22, ¶49, 332 Wis. 2d 730, 798 N.W.2d 166 (citation omitted). Accordingly, we must consider the significance, timing, repetition, and manner in which the improper comments were presented to the jury and whether the comments occurred "at critical junctures of the trial." *Jorgensen*, 310 Wis. 2d 138, ¶44.

¶15     Here, Groenewold argues that the prosecutor violated his right to due process, and thus committed plain error, by: (1) stating that Groenewold sounded "creepy"; (2) asserting that Groenewold's testimony on direct examination did not "add up"; (3) challenging Groenewold's testimony that he selected the top

Craigslist ad because he was "lazy" and asserting that Groenewold was instead "intent"; and (4) disputing Groenewold's testimony that the Craigslist ad to which he responded stated that the individual who posted the ad was eighteen. Groenewold asserts that by interjecting this "editorialized commentary" during his cross-examination of Groenewold, the prosecutor "offered his own testimony" and "effectively" told the jury that he believed Groenewold was guilty.

¶16 It is true, as Groenewold notes, that prosecutors "may not express their personal belief as to the merits of their case." *See* *State v. Jackson*, 2007 WI App 145, ¶3, 302 Wis. 2d 766, 735 N.W.2d 178. However, "[t]here is a fine distinction between what is and is not permitted concerning the lawyer's personal opinion." *State v. Mayo*, 2007 WI 78, ¶43, 301 Wis. 2d 642, 734 N.W.2d 115. A prosecutor may not "tell a jury what he or she believes is the truth of the case, unless it is clear that the [prosecutor's] belief is merely a comment on the evidence before the jury." *Jackson*, 302 Wis. 2d 766, ¶22. "[A] prosecutor may comment on the evidence, argue to a conclusion from the evidence, and may state that the evidence convinces him or her and should convince the jury." *Mayo*, 301 Wis. 2d 642, ¶43. A prosecutor may also express skepticism about a defendant's uncorroborated version of events. *State v. Saunders*, 2011 WI App 156, ¶26, 338 Wis. 2d 160, 807 N.W.2d 679.

¶17 Applying these principles to the instant case, we agree with the State that three of the prosecutor's four challenged comments were not improper. First, the prosecutor's statement that Groenewold's version of events on direct examination did not "add up" was a permissible expression of skepticism about Groenewold's uncorroborated testimony that he believed Kayla was eighteen and was trying to trick her into admitting that fact. Second, the prosecutor's assertion that Groenewold was "intent"—in response to Groenewold's own testimony that

7

he selected the top Craigslist ad out of laziness—was a proper comment on the evidence and, again, expressed skepticism about Groenewold's uncorroborated version of events. Third, the prosecutor's assertion that the Craigslist ad did not state that the person who posted the ad was eighteen was in direct response to Groenewold's own testimony that the ad in question "said 18." Moreover, the prosecutor's comment was based on evidence properly before the jury—specifically, a copy of the Craigslist ad. The prosecutor's statement regarding the ad was therefore a proper comment on the evidence.

¶18 The State concedes that the prosecutor's remaining comment—i.e., that Groenewold sounded "creepy"—was improper. We agree with that concession. Nevertheless, we also agree with the State that this comment did not rise to the level of plain error. Our supreme court's decision in *Mayo* is instructive. In *Mayo*, the prosecutor made multiple improper comments during her opening statement and case-in-chief regarding the defendant's pre-*Miranda*[3] silence. *Mayo*, 301 Wis. 2d 642, ¶46. However, the court concluded that the defendant was not entitled to relief because the prosecutor's comments "comprise[d] only 7 sentences out of 177 pages of the trial transcript" and "[t]he infrequency of the references in the context of the entire trial mitigated any possible prejudicial effect on the jury." *Id.*, ¶49.

¶19 In this case, the prosecutor's comment about Groenewold sounding "creepy" consisted of three sentences in a trial transcript totaling 247 pages. In addition, we note that this comment, while expressing an unfavorable opinion about Groenewold, did not express any opinion regarding Groenewold's guilt.

---

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

This isolated comment, when considered in the context of the entire trial, did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *See Jorgensen*, 310 Wis. 2d 138, ¶40 (citation omitted).

¶20 Groenewold argues that the prosecutor's statements "cannot be taken in isolation from each other when analyzing the impact they had on Groenewold's trial." He asserts that "[e]ach successive statement compounded the previous ones, resulting in an overarching pattern in which the prosecutor opined about Groenewold's guilt." He therefore contends that the prosecutor's "repeated commentary ... resulted in plain error that was fundamental, obvious, and substantial."

¶21 We disagree. We have already concluded that three of the prosecutor's challenged comments were not improper in the first instance. Thus, aggregating the cumulative effect of those comments "adds nothing. Zero plus zero equals zero." *See Mentek v. State*, 71 Wis. 2d 799, 809, 238 N.W.2d 752 (1976).

¶22 In any event, even considering the cumulative effect of all four of the prosecutor's comments, we conclude that in the context of the entire trial, the comments were not so repetitive or significant as to infect the trial with a level of unfairness sufficient to violate Groenewold's right to due process. *See Jorgensen*, 310 Wis. 2d 138, ¶40. Each of the prosecutor's comments was different, and the comments were relatively short. Although the comments clearly expressed that the prosecutor was skeptical of Groenewold's testimony, such commentary is not improper. *See Saunders*, 338 Wis. 2d 160, ¶26. Furthermore, a jury would expect a prosecutor to be skeptical of a defendant's version of events. On this record, we

cannot conclude that the prosecutor's comments—whether considered individually or cumulatively—rose to the level of plain error.[4]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] Because we conclude that the prosecutor's comments did not rise to the level of plain error, we need not address the State's argument that the error, if any, was harmless. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 (court of appeals decides cases on the narrowest possible grounds).