COURT OF APPEALS
DECISION
DATED AND FILED

February 4, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP277**

Cir. Ct. No. **2020CV385**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

ESTATE OF BRYDEN GLAZNER AND LYNN KOSHALEK,

   PLAINTIFFS-APPELLANTS,

V.

ROBERT A. GLAZNER, LINDA K. GLAZNER AND RAYMOND N. GLAZNER,

   DEFENDANTS,

AUTO-OWNERS INSURANCE COMPANY,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Marathon County: SCOTT M. CORBETT, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Lynn Koshalek, both individually and as the special administrator of the Estate of Bryden Glazner, appeals a circuit court order granting Auto-Owners Insurance Company's motion for summary and declaratory judgment.[1] On appeal, the Estate contends that the court erred by granting Auto-Owners' motion for several reasons, including because there remain genuine issues of material fact regarding the application of an exclusion—which bars personal injury coverage for bodily injury to "any insured"—such that summary judgment was inappropriate. We conclude that the exclusion applies. As this issue is dispositive, we affirm the order granting summary and declaratory judgment and decline to address the remaining issues raised on appeal.

## BACKGROUND

¶2 Bryden Glazner, born in 2002, was the son of Koshalek and Robert Glazner. Koshalek and Robert divorced in 2010. Bryden was diagnosed with diabetes in 2014. According to the Estate's amended summons and complaint, when Robert had placement of Bryden, Bryden "resided with [Robert] at the residence owned by" Robert's parents—Linda and Raymond Glazner—from 2012 until Bryden's death in August 2017, which resulted from "complications of unmanaged blood glucose … levels." At the time of Bryden's death, Robert had placement of Bryden, and they were residing at Linda and Raymond's home. Robert was later convicted of second-degree reckless homicide in connection with Bryden's death.

---

[1] We refer to Lynn Koshalek and the Estate of Bryden Glazner, collectively, as the Estate. Where appropriate, we refer to Lynn Koshalek, individually, as Koshalek. Because several individuals relevant to this appeal share or shared the surname "Glazner," including Bryden, we refer to those individuals using their first names.

¶3      The Estate brought this lawsuit against Robert, Linda, and Raymond. As relevant here, the Estate alleged that Robert, Linda, and Raymond were each negligent and sought judgment for "all damages sustained by [Bryden] for pre-death conscious pain and suffering as well as funeral and related expenses." Koshalek, individually, also sought judgment "for all damages she sustained by the loss of the society and companionship of [Bryden] as a result of his wrongful death."

¶4      At the time of Bryden's death, Auto-Owners had in effect a homeowner's insurance policy ("the policy") providing coverage to Linda and Raymond. The policy stated that Auto-Owners "will pay all sums any insured becomes legally obligated to pay as damages because of or arising out of bodily injury … caused by an occurrence to which coverage applies." (Formatting altered.) Auto-Owners defended Linda and Raymond under a reservation of rights and moved to intervene in the action, bifurcate the coverage litigation from the merits of the litigation, and stay the merits litigation until the coverage issues were adjudicated.[2]  The Estate did not object to Auto-Owners' motion, and the circuit court granted the motion and set a briefing schedule.[3]

¶5      Auto-Owners then filed a motion for summary and declaratory judgment seeking a determination that the policy provided no coverage under the facts of this case, a finding that Auto-Owners had no duty to defend nor indemnify

---

[2] Originally, the Estate named "ABC Insurance Company" as a defendant. Following Auto-Owners' motion to intervene, the Estate filed an amended summons and complaint naming Auto-Owners as a defendant.

[3] The Honorable Gregory Huber entered the scheduling order. Thereafter, the Honorable Rick Cveykus was assigned to the case. Upon Auto-Owners' request for judicial substitution, the Honorable Scott M. Corbett was assigned.

any party, and an order dismissing it from this action. As pertinent here, Auto-Owners argued that Bryden fell under the policy's "intra-insured" exclusion ("the exclusion"), which stated that "[p]ersonal [l]iability does not apply" "to bodily injury or personal injury to any insured." (Formatting altered.) The circuit court agreed, granted Auto-Owners' motion, and dismissed Auto-Owners from the lawsuit. The Estate now appeals.

## DISCUSSION

¶6      "Insurers may seek determinations of their coverage obligations through summary judgment or declaratory judgment. Under either procedural vehicle, our standard of review is de novo because we must interpret and apply the terms of [the] policy." *Wiegert v. TM Carpentry, LLC*, 2022 WI App 28, ¶19, 403 Wis. 2d 519, 978 N.W.2d 207. Summary judgment shall be awarded if "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2) (2021-22).[4]

¶7      "[W]e interpret policy language according to its plain and ordinary meaning as understood by a reasonable person in the position of the insured." *Connors v. Zurich Am. Ins. Co.*, 2015 WI App 89, ¶19, 365 Wis. 2d 528, 872 N.W.2d 109 (citation omitted). "Terms or phrases in an insurance contract are ambiguous only 'if they are fairly susceptible to more than one reasonable interpretation.'" *Wilson Mut. Ins. Co. v. Falk*, 2014 WI 136, ¶24, 360 Wis. 2d 67, 857 N.W.2d 156 (citation omitted). However, "[a]bsent a finding of ambiguity, this court will not apply the rules of construction to rewrite the

---

[4] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

language of an insurance policy." ***Connors***, 365 Wis. 2d 528, ¶19 (citation omitted).

¶8      The Estate argues that Auto-Owners owed a duty to defend Linda, Raymond, and Robert. "Contracts for insurance typically impose two main duties—the duty to indemnify the insured against damages or losses, and the duty to defend against claims for damages." ***Johnson Controls, Inc. v. London Mkt.***, 2010 WI 52, ¶28, 325 Wis. 2d 176, 784 N.W.2d 579. "The duty to defend arises when there is arguable, as opposed to actual, coverage under the policy." ***Id.***, ¶29. Conversely, "[a]n insurer must indemnify an insured against losses that are covered under the terms of the policy." ***Olson v. Farrar***, 2012 WI 3, ¶28, 338 Wis. 2d 215, 809 N.W.2d 1. Here, the circuit court granted Auto-Owners' motion to bifurcate the coverage litigation from the merits of the litigation and stay the merits litigation until the coverage issues were adjudicated. We must, therefore, determine whether summary judgment was appropriate in the context of determining whether Auto-Owners had a duty to indemnify Linda, Raymond, and Robert. If a determination of no coverage is made during the bifurcated coverage proceedings, then all obligations under the policy—including the duty to defend—are discharged. *See* ***Elliott v. Donahue***, 169 Wis. 2d 310, 318, 485 N.W.2d 403 (1992).

¶9    We begin our analysis with whether the policy's initial grant of coverage is precluded by the exclusion in this case.[5]  *See **American Fam. Mut. Ins. Co. v. American Girl, Inc.**, 2004 WI 2, ¶24, 268 Wis. 2d 16, 673 N.W.2d 65.* As noted previously, the policy provided that Auto-Owners "will pay all sums any insured becomes legally obligated to pay as damages because of or arising out of bodily injury … caused by an occurrence to which coverage applies."  (Formatting altered.)  However, the exclusion stated that "[p]ersonal [l]iability does not apply" "to bodily injury or personal injury to any insured."   (Formatting altered.) Pertinent here, the policy defined "insured" as "you," "your relatives," and "any other person under the age of 21 residing with you who is in your care or the care of a relative."  It is undisputed that "[y]ou" was defined to mean Linda and Raymond, and the policy defined "relative" as "a person who resides with you and who is related to you by blood, marriage, or adoption."

¶10    The Estate stipulated, in writing, in the circuit court that Bryden "was a resident of [Linda and Raymond's] household within the meaning of the polic[y] … issued by Auto-Owners to [Linda and Raymond] at all times material

---

[5] Typically, the interpretation of an insurance policy follows three steps, beginning with "whether the policy's insuring agreement makes an initial grant of coverage." ***American Fam. Mut. Ins. Co. v. American Girl, Inc.***, 2004 WI 2, ¶24, 268 Wis. 2d 16, 673 N.W.2d 65. However, we decide cases on the narrowest possible grounds. ***Patrick Fur Farm, Inc. v. United Vaccines, Inc.***, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707.  Because we conclude that an exclusion within the policy precludes coverage, we assume without deciding that the policy makes an initial grant of coverage in this case. *See **id.*** Likewise, we need not address the remaining issue raised by the Estate—whether Linda and Raymond owed a duty of care to Bryden. *See **id.***

prior to [Bryden's] death." The Estate makes the same concession on appeal.[6] Likewise, Linda and Raymond stipulated in the circuit court that Bryden "was an insured pursuant to the terms of the" policy. Accordingly, the parties on appeal agree that Bryden was a blood relative of Linda and Raymond, that he lived at their residence when Robert had placement of him, and that both Robert and Bryden resided at Linda and Raymond's residence during the last week of Bryden's life.[7]

¶11 Nonetheless, the Estate argues that because Koshalek and Robert had shared placement of Bryden, there remain genuine issues of material fact regarding the application of the exclusion, such that summary judgment is inappropriate. As best we can discern, the Estate contends that the exclusion is ambiguous because "more than one household is at issue" and the exclusion "defines residence without qualification"—i.e., without using a term such as "resides *primarily* with you." Because the policy does not include language modifying "resides with you," the Estate appears to argue that the circuit court was required to use the "multi-factor analysis" outlined in ***Dostal v. Strand***, 2023 WI 6, 405 Wis. 2d 572, 984 N.W.2d 382, "to determine which" residence was Bryden's "primary residence."

---

[6] The Estate's briefing on appeal does not comply with WIS. STAT. RULE 809.19(8)(bm), which states that a brief "must have page numbers centered in the bottom margin using Arabic numerals with sequential numbering starting at '1' on the cover." Our supreme court explained when it amended the rule in 2021 that the pagination requirements avoid "the confusion of having two different page numbers" on certain pages of an electronically filed brief. S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021). We admonish counsel that future violations of the Rules of Appellate Procedure may result in sanctions. *See* WIS. STAT. RULE 809.83(2).

[7] In response to Auto-Owners' request to admit that Bryden was an insured under the policy, Robert responded that he lacked knowledge necessary to answer that request.

¶12 In ***Dostal***, the question was whether a child, of whom the parents shared joint custody, was an "insured" under an exclusion in the father's homeowner's insurance policy. ***Id.***, ¶¶7-8, 13. The policy defined "insured" as "you and, *if residents of your household*: a. your relatives; and b. any other person under the age of 21 who is in the care of a person described above." ***Id.***, ¶47 (emphasis added). On cross-appeal, the homeowner's insurance company argued that the circuit court erred by denying its motion for summary and declaratory judgment because the child was a "resident" as a matter of law. ***Id.***, ¶¶14-15.

¶13 Our supreme court affirmed the circuit court's decision, citing the long-standing principle that "[a] determination of residency … is fact specific to each case" and "requires a thorough examination of all relevant facts and circumstances." ***Id.***, ¶¶48-49 (quoting ***Londre by Long v. Continental W. Ins. Co.***, 117 Wis. 2d 54, 57, 343 N.W.2d 128 (Ct. App. 1983)). Relevant facts and circumstances include whether the person and the named insured were living under the same roof, the age of the person, and the frequency and duration of the stay in the residence. ***Id.***, ¶49.

¶14 As these principles applied to the summary and declaratory judgment motion made by the homeowner's insurance company, the supreme court concluded that "the parties' submissions" demonstrated that there were genuine issues of material fact as to "whether [the child] was a resident relative of [the father]." ***Id.***, ¶52. For example, the father testified at a deposition that he "only cared for [the child] without [the mother] present four times," that "there was no formal schedule for placement," and that he "was usually too busy or didn't have time for the baby or didn't want her" at his residence. ***Id.***, ¶51.

¶15 We conclude that the circuit court properly granted Auto-Owners' motion for summary and declaratory judgment because the exclusion clearly applies under the facts of this case. Contrary to the Estate's apparent contention, *Dostal* did not create any new law surrounding the interpretation of an insurance policy. While the Estate suggests that *Dostal* somehow requires a multi-factor analysis to determine which of two or more residences is an individual's "primary" residence—even when a policy does not include such a term—*Dostal* made no such holding. In other words, nothing in *Dostal*, or any other case, requires a factual inquiry into whether Bryden's "primary" residence was with Robert or Koshalek.

¶16 Moreover, the term "who resides with" is not ambiguous and "should be construed in light of [its] plain and common meaning." *See Pamperin v. Milwaukee Mut. Ins. Co.*, 55 Wis. 2d 27, 37, 197 N.W.2d 783 (1972) (concluding that the term "resident" as used in a liability insurance policy is unambiguous). The Estate argues that *Bauer v. USAA Casualty Insurance Co.*, 2006 WI App 152, 295 Wis. 2d 481, 720 N.W.2d 187, stands for the proposition that "[w]hen more than one household is at issue, a policy that defines residence without qualification … creates … ambiguity." However, the *Bauer* court simply stated that the policy language in that case—"resides primarily with you"—was "unambiguous, at least as applied to the facts of" that case. *Id.*, ¶11. The court did not state that policy language, that did not include the "primarily" modifier, was ambiguous.

¶17 Accordingly, the relevant inquiry with respect to the exclusion in this case is whether, at the time of his death, Bryden was "a person who reside[d] with [Linda and Raymond] and who [was] related to [Linda and Raymond] by blood, marriage, or adoption." Under the facts of this case, this issue presented a

question of law because there remained no genuine issues of material fact. *See Long*, 117 Wis. 2d at 56-57. As explained above, all of the relevant parties stipulated in the circuit court that Bryden fit within this definition. *See* WIS. STAT. § 807.05 (stating that a stipulation is binding if it is "made in writing and subscribed by the party to be bound thereby or the party's attorney"). In fact, the Estate's amended complaint alleged at multiple points that Bryden resided at Linda and Raymond's home "when Robert had periods of physical placement with [Bryden] on a rotating weekly basis." Nothing provided in the other pleadings contradicted this fact. Thus, there were no genuine issues as to any material fact, and Auto-Owners was entitled to judgment as a matter of law. The Estate's arguments on appeal to the contrary ignore the allegations in the amended complaint and its concession in the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.