COURT OF APPEALS
DECISION
DATED AND FILED

April 22, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.**

Appeal No. **2025AP1150-CR**

Cir. Ct. No. **2023CM371**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

ELIZABETH A. ERICKSON,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Fond du Lac County: ANDREW J. CHRISTENSON, Judge. *Affirmed*.

¶1 LAZAR, J.[1] Elizabeth A. Erickson appeals from her judgment of conviction and an order of the circuit court denying her motion for postconviction relief. Erickson asserts the State made impermissible comments at trial regarding

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

her pre- and post-arrest silence in violation of her Fifth Amendment right against self-incrimination and that she received ineffective assistance of counsel when counsel failed to object to these comments. This court concludes that the circuit court did not err in denying Erickson's motion because, even assuming without deciding that counsel was ineffective for failing to object to the State's comments, the error was harmless.

¶2 In 2023, officers responded to a 911 call from Justin[2] at the residence he shared with Erickson. Justin told officers Erickson became agitated during an argument about finances, "smacked [his phone] out of his hands[,]" "pushed him against the wall[,]" "scratched [him with] her fingernails[,] and hit [him] in the head." Officers arrested and booked Erickson, who was "extremely uncooperative."

¶3 The State charged Erickson with one count of disorderly conduct with a domestic abuse enhancement. The case proceeded to a one-day trial, at which the two responding officers provided testimony. Officer Young testified that, in addition to scratch injuries, she observed "two puncture marks on the back of [Justin's] left thigh, similar to a dog bite[.]" When asked whether Erickson had "state[d] a theory as to how [Justin's] injuries were sustained[,]" Officer Martinez testified Erickson told officers "[t]hat [Justin] scratched himself." During her encounter with officers, Erickson never stated that the victim's scratch injuries may have been inflicted by their dog. Erickson's counsel did not object when the State made several comments during argument criticizing Erickson's failure to

---

[2] Consistent with the policy in WIS. STAT. RULE 809.19(1)(g), the victim is identified by a pseudonym.

attribute the scratch injuries to their dog during questioning by police despite her reliance on that theory at trial. The jury ultimately convicted Erickson.

¶4 Erickson filed a motion for postconviction relief, asserting trial counsel was ineffective in "failing to introduce exculpatory evidence of the source of [Justin's] injuries" and in "failing to object to improper comments by the State on [Erickson's] post-***Miranda***[3] silence[.]" Specifically, Erickson argued trial counsel was ineffective for not attempting to admit into evidence the last sentence of a letter authored by the victim which states that the scratches he sustained came from the dog and not Erickson. Erickson also argued trial counsel failed to object to the State's comments "criticizing … Erickson for not reporting [Justin's] injuries from their dog during her questioning by police, and thereby insinuating that the claim that [Justin's] scratches were caused by their dog was a recent fabrication."

¶5 The circuit court held a hearing on that motion in April 2025. The court subsequently denied the motion in a written decision, finding that the letter was inadmissible hearsay and no hearsay exception applied,[4] and that, even if it was admissible, counsel "made a strategic decision not to offer" the letter at trial because "most of" the contents of the letter were "harmful to [Erickson]." As to the State's comments regarding Erickson's failure to report to responding officers that the victim's injuries were caused by their dog, the court found that Erickson never affirmatively invoked her right to remain silent, made several statements to

---

[3] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

[4] The victim, the letter's purported author, did not testify. Further, the two officers that testified appeared to have no knowledge of the letter, "which was written more than two months after the incident[.]"

officers "upon initial 'approach' and before *Miranda* warnings were read[,]" and that, in fact, Erickson never "declined to answer a question, either before or after being read … *Miranda* rights." The court concluded that, because "[t]he prosecution made reasonable arguments about information from [Erickson's] version of events[,]" defense counsel did not perform deficiently by failing to object to these arguments. Erickson appeals.[5]

¶6 Whether trial counsel provided ineffective assistance of counsel is a mixed question of fact and law. *State v. Sanchez*, 201 Wis. 2d 219, 236, 548 N.W.2d 69 (1996). "An appellate court will not overturn a trial court's findings of fact concerning the circumstances of the case and the counsel's conduct and strategy unless the findings are clearly erroneous." *Id.* (quoting *State v. Knight*, 168 Wis. 2d 509, 514 n.2, 484 N.W.2d 540 (1992)). Whether "counsel's performance was deficient" is a "question[] of law which this court decides without deference to the … circuit court." *Sanchez*, 201 Wis. 2d at 236-37.

¶7 On appeal, Erickson argues the circuit court erred in denying her postconviction motion because the State's comments at trial on Erickson's failure to report Justin's injuries from their dog to responding officers constituted a violation of her right against self-incrimination, relying on *State v. Hoyle*, 2023 WI 24, 406 Wis. 2d 373, 987 N.W.2d 732. In *Hoyle*, our state supreme court held that a comment by the State regarding a defendant's silence is improper when the prosecutor's language is intended to comment on the defendant's silence, is intended to suggest that the defendant's silence is evidence of guilt, and is not "a

---

[5] On appeal, Erickson abandons her claim that counsel was ineffective for failing to offer the letter at trial and pursues only the ineffectiveness claim regarding counsel's failure to object to the State's comments on her pre- and post-arrest silence.

fair response to a claim made by [the defense]." *Id.*, ¶29 (quoting *United States v. Robinson*, 485 U.S. 25, 32 (1988)).

¶8      However, it is unnecessary to apply the test in *Hoyle* to the State's comments in this case because, even if the comments were improper, their admission constitutes harmless error.[6]  A constitutional error is harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error[.]" *State v. Mayo*, 2007 WI 78, ¶47, 301 Wis. 2d 642, 734 N.W.2d 115.  Relevant "factors to aid in harmless error analysis" include "the frequency of the error, the importance of the erroneously admitted evidence, the presence or absence [of corroborating] evidence …, whether the erroneously admitted evidence duplicates untainted evidence, the nature of the defense," and the "nature" and "overall strength of the State's case." *Id.*, ¶48.

¶9      The State, as the beneficiary of the purported error, has met its burden of proving "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.*, ¶47 (citation omitted).  The State's comments regarding Erickson's pre- and post-arrest silence were infrequent,[7] of little import, and were duplicative of untainted evidence insofar as they functioned to impeach Erickson's credibility.

¶10      After the victim called 911 and officers arrived at the residence, Erickson voluntarily provided inconsistent statements regarding the night's events. When the State asked whether Erickson's story ever changed regarding what

---

[6] *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 (stating that "we decide cases on the narrowest possible grounds").

[7] Erickson complains of nine comments out of a 223-page trial transcript.

happened and the manner in which the victim sustained his injuries, Officer Young testified that Erickson changed her story "[n]umerous times[.]" She first denied that anything physical occurred, but later admitted to Officer Young that she had pushed the victim. Despite Erickson's statement that the victim's scratches were caused by the victim "cut[ting] himself," Officer Young confirmed the victim's scratches "seem[ed] consistent … with human fingernails[.]" Erickson had been drinking, was described as uncooperative with officers, and was handcuffed after repeated efforts to leave the scene. In consideration of all the evidence, the State's comments regarding Erickson's failure to explain the victim's scratches being caused by their dog were not significant. The State argued Erickson's omission was evidence that she was, at trial, effectively changing her story once again. Erickson's omission thus constituted duplicative impeachment evidence.

¶11 The elements of disorderly conduct do not require the victim to sustain any injury. To support a conviction for disorderly conduct, the jury need only find that Erickson "engage[d] in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct" and that Erickson's conduct, "under the circumstances as they then existed, tended to cause or provoke a disturbance." WIS. JI—CRIMINAL 1900. "'Disorderly conduct' may include physical acts, or language, or both." *Id.*

¶12 Of course, a victim's physical injury can serve as evidence that a defendant engaged in violent conduct. In this case, however, there is sufficient evidence of violent and otherwise disorderly conduct, even without the State's arguments regarding Erickson's failure to report the victim's scratches having been caused by their dog. The victim, not Erickson, made the 911 call, Erickson admitted to officers that she pushed the victim, and her inconsistent statements

regarding whether a physical confrontation occurred were plainly damaging to her credibility. The State has shown beyond a reasonable doubt that a rational jury would have convicted Erickson absent the State's comments. For the foregoing reasons, this court affirms.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.