In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 18-1469

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SAMUEL J. YARBER,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:17-cr-20007 — **Colin S. Bruce**, *Judge.*

---

ARGUED JANUARY 24, 2019 — DECIDED FEBRUARY 13, 2019

---

Before MANION, BRENNAN, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Police in Champaign, Illinois obtained warrants to search two apartments connected to Samuel Yarber. The searches turned up drugs and handguns and ultimately led to Yarber's convictions for federal narcotics and firearms offenses. Along the way, Yarber challenged the warrant to search one of the apartments as unsupported by probable cause. While the warrant affidavit fell short in one respect—it did not establish that Yarber lived at the apartment

and thus could not support an inference that evidence of his drug-dealing would be kept there—it nonetheless contained other facts sufficient to establish probable cause. And in any event the police relied in good faith upon the warrant. On this record, then, we affirm.

**I**

Law enforcement undertook an investigation after receiving information from a confidential source that Yarber was selling drugs in the Champaign-Urbana area. The confidential source bought cocaine from Yarber on four separate occasions near the same intersection in Champaign. The police observed Yarber before and after each transaction. And each time, Yarber drove a white Dodge Charger, which was registered to his girlfriend. Immediately following two of the controlled buys, Yarber drove to his girlfriend's apartment in Champaign. The police surveilled the apartment on three additional occasions, and all three times saw the white Dodge Charger parked in front. On one occasion they saw Yarber exit the Dodge Charger and go inside the apartment.

All of this information was set forth in an affidavit presented to a Champaign County Circuit Court judge in support of the police's request for a search warrant. The attesting officer also stated that, based on his training and experience, drug dealers often use vehicles registered to someone else to evade detection by law enforcement. The Champaign County judge found that these facts established the requisite probable cause to search the Champaign apartment and issued the warrant. By its terms, the warrant authorized the police to search for, among other things, drugs, drug paraphernalia, and suspected proceeds from drug transactions.

The primary issue in this appeal turns on what the affidavit did not say. Nowhere did the affidavit state that Yarber lived at the Champaign apartment or even that he stayed there overnight. To the contrary, it referred to an altogether different apartment—located in Urbana, Illinois—as Yarber's "residence." Yarber seized on this omission and moved to suppress the evidence discovered during the search of the Champaign apartment. He argued that, by establishing no nexus between the drug dealing activities and the apartment, the affidavit failed to establish probable cause.

The district court thought otherwise. The court's primary reason for finding probable cause was that the police connected Yarber and the white Dodge Charger to the apartment and saw him drive there immediately after two of the four controlled buys. The district court further observed that the Champaign County judge who issued the search warrant could have inferred that Yarber kept evidence of his drug dealing in his girlfriend's apartment to reduce the possibility of connecting him to illegal activity. Alternatively, the district court determined that the exception of *United States v. Leon* would apply because the police acted in good faith when seeking and executing the warrant. See 468 U.S. 897, 920–22 (1984).

After the court denied his motion to suppress, Yarber pleaded guilty to drug possession with the intent to distribute, 21 U.S.C. § 841(a)(1) & (b)(1)(C), and to possession of a firearm by a felon, 18 U.S.C. § 922(g). He proceeded to trial on the remaining charge of possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c), and was convicted by a jury. The district court imposed a sentence of 420 months' imprisonment.

**II**

**A**

In determining the sufficiency of a warrant affidavit, we
focus on the totality of the information presented to the
Champaign County judge. See *United States v. Peck*, 317 F.3d
754, 756 (7th Cir. 2003). We afford "great deference" to the
probable cause finding made by the judge who evaluated the
warrant application in the first instance and will uphold that
determination so long as there is a "substantial basis" for con-
cluding "that a search would uncover evidence of wrongdo-
ing." *Illinois v. Gates*, 462 U.S. 213, 236 (1983). So, too, have we
consistently held that "probable cause 'does not require direct
evidence linking a crime to a particular place.'" *United States
v. Zamudio*, 909 F.3d 172, 175 (7th Cir. 2018) (quoting *United
States v. Anderson*, 450 F.3d 294, 303 (7th Cir. 2006)). Rather, a
warrant affidavit "need only contain facts that, given the na-
ture of the evidence sought and the crime alleged, allow for a
reasonable inference that there is a fair probability that evi-
dence will be found in a particular place." *Id.* at 176 (quoting
*United States v. Aljabari*, 626 F.3d 940, 944 (7th Cir. 2010)).

While this case is far from open and shut, we conclude that
the affidavit provided a sufficient basis for a finding of
probable cause to search the Champaign apartment. Yarber
used his girlfriend's white Dodge Charger for each of the four
controlled buys. Surveillance also established that the Dodge
Charger was parked outside the apartment on three
occasions, and that Yarber exited the car and entered the
apartment on one of those occasions. Finally—and most
significantly—Yarber drove directly to the apartment after
two of the four controlled buys. This was sufficient to search
the apartment for the proceeds of those transactions. The

Champaign County judge was entitled to draw the reasonable inference that an experienced drug dealer might maintain cash proceeds from drug sales within the apartment he visited immediately after the sales—an apartment rented to his girlfriend and tied to the car he used to conduct his drug sales—rather than on his person or in a car.

For its part, the government urges us to rely on a line of cases that permit an inference that "evidence of drug dealing is likely to be found where the dealer lives." *United States v. Scott*, 731 F.3d 659, 665 (7th Cir. 2013) (citing *United States v. Singleton*, 125 F.3d 1097, 1102 (7th Cir. 1997)). Yarber lived at the Champaign apartment, the government's argument runs, and therefore it was reasonable to infer that evidence of Yarber's drug dealing was likely to be found there. This argument misfires on both the facts and law.

As Yarber's counsel rightly (and very ably) emphasizes, nothing within the affidavit itself gave any indication that Yarber lived in the Champaign apartment. Indeed, the opposite is true: the affidavit expressly referred to another property, in Urbana, as "[Yarber's] residence." The government's argument—premised on Yarber's later assertion that he lived at the Champaign apartment—disregards the well-established tenet that "[w]here, as here, an affidavit is all that was presented to the issuing judge, the warrant's validity rests on the strength of the affidavit." *Anderson*, 450 F.3d at 302–03 (citing *Peck*, 317 F.3d at 755). Put differently, the fact that Yarber may have lived both in an apartment in Urbana and at other times with his girlfriend in her Champaign apartment was not before the Champaign County judge. On this record, then, the inference that drug

dealers keep evidence of drug dealing where they live was unavailable to the police.

Instead, our conclusion that probable cause existed relies on a combination of other facts: the search warrant expressly authorized a search for the proceeds of drug sales, Yarber went directly to his girlfriend's apartment after two of the controlled buys, and additional surveillance tied Yarber to his girlfriend's apartment and car.

In no way does this mean that any place to which a suspected drug dealer travels after a drug sale is subject to a search. But there is much more here than an isolated visit to some random apartment after a drug sale. Yarber used his girlfriend's vehicle to sell drugs on four separate occasions, and surveillance placed the vehicle at her apartment multiple times. When combined with the fact that Yarber went directly to the apartment after two of the controlled buys, the facts were sufficient to support a finding of probable cause to search the apartment for drug proceeds.

B

In any event, the suppression of the evidence obtained during the search is not warranted because *Leon*'s good-faith exception applies here. Under this exception, the fruits of a search based on an invalid warrant may be admitted if the officers who executed the search relied upon the warrant in good faith. See *United States v. Orozco*, 576 F.3d 745, 750 (7th Cir. 2009). And an officer's decision to obtain a warrant creates a presumption that the officer acted in good faith. See *id.*

Yarber attempts to rebut this presumption by contending that the officers should have known that the affidavit was deficient because it established no connection between the

alleged illegal conduct and the location to be searched. We disagree. Although silent with respect to whether Yarber lived (at least some of the time) at the Champaign residence—and lacking in that particular respect—the affidavit otherwise presented sufficient facts to tie his drug-dealing activities to the apartment. The warrant on the whole was not so deficient in establishing probable cause as to preclude reasonable, good-faith reliance on it by the police. See *Leon*, 468 U.S. at 899.

**III**

We owe a final observation in response to Yarber's argument that his drug-trafficking count and felon-in-possession count should have been grouped for the purposes of computing his advisory sentencing range under the Sentencing Guidelines. See U.S.S.G. § 3D1.2(c). He acknowledges that his position is foreclosed by *United States v. Sinclair*, which held that a drug-distribution count and a felon-in-possession count cannot be grouped when a conviction under 18 U.S.C. § 924(c) is also present, but seeks to preserve it for *en banc* review or an appeal to the Supreme Court. See 770 F.3d 1148, 1159 (7th Cir. 2014). Yarber may consider his argument preserved.

Accordingly, we AFFIRM.