In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-2311

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTHONY DAY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 19-cr-00126 — **Jon E. DeGuilio**, *Judge.*

ARGUED APRIL 16, 2024 — DECIDED JULY 1, 2024

Before ST. EVE, JACKSON-AKIWUMI and PRYOR, *Circuit Judges.*

ST. EVE, *Circuit Judge*. Anthony Day challenges the district court's denial of a unanimity instruction that would have required jurors to agree on which of two weapons he possessed for purposes of an 18 U.S.C. § 922(g)(1) charge. Because Day possessed the two firearms simultaneously, no such instruction was required. We affirm.

## I.   Background

### A.  Factual Background

On October 8, 2019, two men robbed a bank in Hammond, Indiana. One, later identified as Anthony Day, brandished a silver revolver and wore a fake beard and mustache, sunglasses, beige shirt, and hat. The other man, Omarr Williams, carried an OGIO-brand bag and wore a fake beard and mustache, sunglasses, dreadlock wig, and baseball hat. Cash in hand, the two men fled in a black minivan. The signal from a GPS tracker embedded in the cash led police to Day, and they arrested him seventeen minutes later.

Officers searched the wooded area near the location of Day's arrest and found broken pieces of the GPS tracker, cash, an OGIO bag, and parts of the robbers' disguises including the fake facial hair, dreadlock wig, hats, and sunglasses. Nearby, they also discovered an abandoned tire. Inside that tire, a loaded silver Smith & Wesson revolver lay next to a loaded American Tactical assault rifle. Law enforcement arrested the other suspect, Williams, half a mile away, confiscating a handgun and bag of cash from the robbery.

### B.  Procedural Background

A grand jury charged Day with one count of bank robbery in violation of 18 U.S.C. § 2113(a), one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Prior to trial, Day moved to exclude reference to the American Tactical assault rifle as there was no evidence that he used it during the robbery. In the alternative, Day argued that

the court should give the jury a unanimity instruction on the § 922(g)(1) count—meaning the jurors must agree on which gun (the silver Smith & Wesson or American Tactical assault rifle) Day possessed for purposes of the charge. The district court denied both of Day's requests, citing this court's decision in *United States v. Pollock*, 757 F.3d 582 (7th Cir. 2014). It instructed the jury, however, that it could only consider evidence relating to the American Tactical assault rifle for purposes of the § 922(g)(1) charge.

At trial, the government presented evidence that Day brandished the silver Smith & Wesson revolver during the robbery and that his DNA was on the American Tactical firearm found next to the revolver and near the disguises. After the close of evidence, the court instructed the jury that its verdict must be unanimous on each count. The jury ultimately found Day guilty on all three counts, and the court sentenced him to 292 months' imprisonment.

He timely appealed his § 922(g)(1) conviction, challenging the district court's failure to give his requested jury instruction, but does not appeal his other convictions.

## II.    Discussion

We review Day's argument de novo because "the underlying assignment of error implicates a question of law." *United States v. Bloom*, 846 F.3d 243, 255 (7th Cir. 2017).

The Sixth Amendment guarantees the right to trial by an impartial jury, which the Supreme Court has interpreted to compel jury unanimity, at least with respect to convictions for serious crimes. *Ramos v. Louisiana*, 590 U.S. 83, 90 (2020). But the "juror unanimity" requirement only applies to the

elements of the offense. *Richardson v. United States*, 526 U.S. 813, 817, 819 (1999). As a result, "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." *Id.* at 817.

Section 922(g)(1) prohibits felons from "possess[ing] … any firearm." We explained in *Pollock* that "the particular firearm possessed is not an element of the crime … but instead the means used to satisfy the element of 'any firearm.'" 757 F.3d at 588; *see also United States v. Verrecchia*, 196 F.3d 294, 296 (1st Cir. 1999). As a result, jurors need not agree on which weapon the defendant possessed. *Pollock*, 757 F.3d at 588. "If one juror believed the defendant possessed a rifle, but a different juror believed the defendant possessed a shotgun, both would still be in agreement that the defendant possessed 'any firearm,'" satisfying that element of § 922(g)(1). *Id.*

Where a defendant possessed multiple firearms, the government may only bring one § 922(g)(1) charge if the defendant's possession of the firearms was "simultaneous and undifferentiated." *United States v. Buchmeier*, 255 F.3d 415, 422 (7th Cir. 2001). If weapons are found together, for example, convicting a defendant of two § 922(g)(1) charges is multiplicitous because the possession of the firearms together constitutes one instance of possession and therefore a single offense. *United States v. Miles*, 86 F.4th 734, 739 (7th Cir. 2023); s*ee also United States v. Bloch*, 718 F.3d 638, 641, 643 (7th Cir. 2013) (holding that a felon could be convicted of only one § 922(g)(1) charge where he possessed two guns: one on a nightstand in a bedroom and another in an open closet). In

contrast, two convictions are warranted if the government "produce[s] evidence demonstrating that the firearms were stored or acquired separately and at different times or places." *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002) (quoting *Buchmeier*, 255 F.3d at 423).

Here, contrary to Day's contention, the evidence supports a single "simultaneous and undifferentiated" course of possession of the firearms, not two distinct instances of possession. *Buchmeier*, 255 F.3d at 421–22. As a result, *Pollock* controls.

Key to that conclusion is the timeframe of the criminal episode, from commission of the bank robbery to Day's arrest. Only seventeen minutes transpired between when Day fled the bank and when he was apprehended. During that short time, he drove at speeds nearing 100 miles per hour until he arrived at the 500-block of Burr Street, stashed his robbery weapon with the American Tactical, and hid in the overgrown brush.

Day's possession of the silver revolver was continuous during this short time period, extending from his actual possession of the firearm at the bank to his constructive possession of the firearm when he concealed it in a tire near other robbery paraphernalia. *See United States v. Ellis*, 622 F.3d 784, 794 (7th Cir. 2010), *as amended* (Sept. 27, 2010) ("[A] felon who unlawfully possesses a firearm and then relinquishes *actual* possession while maintaining *constructive* possession has committed only one violation of § 922(g)(1)."). The presence of Day's DNA on the American Tactical supports an inference of simultaneous constructive possession at the storage site. That same evidence also confirms that it was no coincidence that officers found the American Tactical with the Smith &

Wesson and near items used during the robbery. Put another way, Day did not accidentally stash the robbery weapon next to a gun to which he had no connection.

As we explained in *United States v. Jackson*, to convict a defendant of two § 922(g)(1) violations under these circumstances, the government must present evidence that the defendant lost possession of one of the guns. 479 F.3d 485, 491 (7th Cir. 2007). There was no such evidence in Day's case—no suggestion that at any point in the seventeen-minute incident Day lost possession of either weapon. Instead, the government prosecuted the case as "a single course of illegal conduct" spanning from the robbery until officers arrested Day and confiscated the guns. *See id.* (holding juror unanimity as to the precise moment of possession was not necessary where there was no evidence the defendant lost possession of the weapon during a three-day period). With that context, Day's actions are best characterized as a single course of conduct. *See Ellis*, 622 F.3d at 794; *United States v. Berardi*, 675 F.2d 894, 898 (7th Cir. 1982) (holding that three separate acts of obstruction could be considered for a single 18 U.S.C. § 1503 violation because all three instances "occurred within a relatively short period of time").

How Day stored the two weapons supports the same conclusion. *See United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007). We explained in *Buchmeier* that storing weapons together is evidence of "simultaneous and undifferentiated possession" warranting only a single § 922(g)(1) charge. 255 F.3d at 423. Here, Day took precious minutes out of his flight to stash the Smith & Wesson revolver brandished during the robbery next to the American Tactical, concealing both in an old tire in a wooded area. *Cf. United States v. Washington*, 666

F. App'x 544, 546 (7th Cir. 2016) ("[S]toring some weapons in a vehicle and others in a building represent separate acts of possession."). While officers found other items from the robbery haphazardly discarded nearby—the disguises, clothing, cash, and broken tracker—Day's choice to hide the two guns together is significant. *See Verrecchia*, 196 F.3d at 296, 298 (explaining that "the place of possession"—here, how the guns were stored—dictates the number of permissible § 922(g)(1) charges).

The evidence leads us to the unavoidable conclusion that Day's possession of the American Tactical cannot be separated from his possession of the silver revolver on October 8, 2019. That compels *Pollock*'s application. No unanimity instruction was required. Jurors were free to consider either the silver Smith & Wesson or the American Tactical for purposes of the § 922(g)(1) charge. Regardless of which weapon underpinned that conviction, the jury was unanimous in finding that Day—a felon—unlawfully possessed a firearm. That is sufficient.

### III.    Conclusion

For the reasons explained, the judgment of the district court is AFFIRMED.