STATE of Wisconsin, Plaintiff-Respondent,

v.

David W. PENDER, Defendant-Appellant.†

Court of Appeals

*No. 2007AP1019–CR. Submitted on briefs January 29, 2008.
—Decided February 19, 2008.*

2008 WI App 47

(Also reported in 748 N.W.2d 471.)

† Petition to review denied 5/13/08.

429

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David Pender*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *David J. Becker*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. David Pender appeals a judgment of conviction for theft by false representation. He argues the court should have suppressed evidence or, in the alternative, should have dismissed the charges because of alleged discovery violations by the State. We reject his arguments and affirm the judgment.

## BACKGROUND

¶ 2. On March 21, 2005, police obtained a search warrant for Pender's residence. The warrant was based on a citizen complaint that Pender had accepted $3,372.50 in payment for an item sold on the internet auction site eBay but never delivered the item. The search warrant listed the objects of the warrant as:

> a SDA-5000 Wavetek Stealth test meter; electronic processing and storage devices, computers, computer systems including central processing units; internal and peripheral storage devices such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices or other memory devices; peripheral input/output devices such as keyboards, mouse, printers, video display monitors, optical readers, digital/photograph scanners and related communication devices such as modems together with system documentation, operating logs and documentation, software and instruction manuals and password documentation, CD ROMS, and all records, whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, or any other storage media together with indicia of

431

use, ownership, possession or control of such records; and business records, documents or receipts relating to the eBay sale to [the alleged victim].

¶ 3. Officers executed the warrant later that day. They seized computers, hard drives and an envelope with the return address of the victim of the eBay fraud. They also recorded the serial numbers of electronic devices in the house and took photos of the titles of books in Pender's library.

¶ 4. Pender was charged with one count of theft by false representation. An amended Information added four additional theft counts based on different incidents. Pender moved to suppress all evidence discovered during the search, alleging officers exceeded the scope of the warrant. In a supporting memorandum, Pender clarified he was not challenging the warrant itself. Instead, he argued, "[I]t is clear that the officers executing the warrant were far more interested in items not listed in the warrant, including [Pender's] choice of reading material and his political views."

¶ 5. Pender also filed discovery motions requesting audiovisual recordings of the search and a variety of police reports and similar documents related to the search. Ultimately, Pender moved to dismiss the case for discovery violations when the State did not produce the materials to his satisfaction.

¶ 6. On December 15, 2006, the court held an evidentiary hearing on both motions. Pender elicited testimony that a second set of photos had been taken during the search but not turned over to him in discovery. Copies of the photos were given to Pender during the hearing.

¶ 7. The court denied Pender's motion to dismiss, finding that the delay in producing the second set of photos was inadvertent and did not prejudice Pender, as

the second set of photos largely duplicated the first set and was ultimately provided well before trial. The court agreed with Pender that the officers exceeded the scope of the warrant:

> It is clear that the officers had extraneous matters and purposes in mind when they inappropriately documented those things about which Pender complains. The disputed items documented by police were clearly beyond the scope of the warrant ... and clearly were documented in an effort to surreptitiously build a portfolio on Pender.

However, the court suppressed only evidence outside the scope of the warrant, such as the recorded serial numbers and the photos of Pender's library. Pender then pled no contest to one count of theft by false representation, and the remaining charges were dismissed and read in as part of a plea agreement.

## DISCUSSION

¶ 8. Pender first argues the court should have suppressed all evidence obtained during the search of his home. We review suppression motions using a two-step process. *State v. Hughes*, 2000 WI 24, ¶ 15, 233 Wis. 2d 280, 607 N.W.2d 621. First, we uphold the circuit court's findings of historical fact unless clearly erroneous. *Id.* Whether those facts require suppression is a question of law reviewed without deference to the circuit court. *Id.*

¶ 9. Typically, when officers exceed the scope of a search warrant, the remedy is to suppress only items seized outside the scope of the warrant. *State v. Petrone*, 161 Wis. 2d 530, 548, 468 N.W.2d 676 (1991). However, if

the search is conducted in "flagrant disregard" of the limitations in the warrant, all items seized—even items within the scope of the warrant—are suppressed. *Id.* When a search is conducted with flagrant disregard for the limitations found in the warrant, the Fourth Amendment's "particularity requirement is undermined and a valid warrant is transformed into a general warrant thereby requiring suppression of all evidence seized under that warrant." *United States v. Medlin*, 842 F.2d 1194, 1199 (10th Cir. 1988).

¶ 10. In this case, the books and electronic equipment in Pender's residence were in plain view. The police did not exceed the scope of the search simply by photographing items in plain view. *See State v. Guy*, 172 Wis. 2d 86, 101, 492 N.W.2d 311 (1992) ("no search occurs when an officer views or feels evidence that is in plain view"). However, the State concedes it is "a fair assumption that [police] had to manipulate at least some of the items in order to view their serial numbers." It also appears from the photos that some of the objects in Pender's library were moved in order to allow them to be photographed. When police moved these items, they engaged in a search not permitted by the warrant. *See Arizona v. Hicks*, 480 U.S. 321, 325 (1987) (additional search where officers "exposed to view concealed portions of the apartment or its contents" not related to the objectives of the authorized intrusion). We must decide whether this additional search was conducted in "flagrant disregard" of the limits of the warrant.

¶ 11. The only Wisconsin case discussing the meaning of "flagrant disregard" is *Petrone*, 161 Wis. 2d at 548.[1] In that case, police obtained a search warrant

---

[1] Case law from other jurisdictions is divided on the scope and application of the "flagrant disregard" standard. *Compare*

allowing them to search a tavern and the owner's residence. *Id.* at 538. The warrant described the property to be seized:

> Pink, strapless formal gown, 2–piece blue bathing suit, yellow sheet or slipcover, all camera, film, or photographic equipment used in the taking, processing and development of photographic pictures, involving nude and partially nude female juveniles.

*Id.* However, when the warrant was executed the police also seized "seven videotapes, three audiotapes, and the defendant's boat." *Id.* at 548. The court held that while the seized items were outside the scope of the warrant, there was no flagrant disregard because police seized "only items they thought were arguably related to the crime described in the warrant."[2] *Id.* at 549. The court contrasted the seizures in *Petrone* with those in *Medlin*, where officers executing a warrant for firearms seized 667 unrelated additional items in what the court called a "fishing expedition." *Petrone*, 161 Wis. 2d at 549; *see also Medlin*, 842 F.2d at 1199.

¶ 12. In this case, the circuit court found the additional searches were "an effort to surreptitiously build a portfolio on Pender" and were "clearly beyond the scope of the warrant." This finding rules out the

---

*United States v. Decker*, 956 F.2d 773, 779 (8th Cir. 1992) ("flagrant disregard standard applies only where the government exceeds the scope of the authorized search in terms of the places searched, and not to cases in which the government indulges in excessive seizures") *with United States v. Foster*, 100 F.3d 846, 849 (10th Cir. 1996) (applying flagrant disregard to excessive seizures). However, most of the federal circuits have some form of the rule. *See People v. Bradford*, 939 P.2d 259, 300 (Cal. 1997) (collecting cases).

 [2] Some of the offending photos had been taken on the boat. *State v. Petrone*, 161 Wis. 2d 530, 549, 468 N.W.2d 676 (1991).

possibility that the police overreaching in this case was limited to "items [police] thought were arguably related to the crime described in the warrant." *See Petrone*, 161 Wis. 2d at 548.

¶ 13. However, the extent of the police overreaching here still falls well short of that in other cases where courts have found "flagrant disregard" for warrant limitations. Blanket suppression is an "extraordinary remedy, used only when the violations of the warrant's requirements are so extreme that the search essentially is transformed into an impermissible general search." *People v. Bradford*, 939 P.2d 259, 300 (Cal. 1997). Such a general search occurs, for example, when police enter a residence on a firearms warrant and seize over 600 additional items. *See Medlin*, 842 F.2d at 1199. It also takes place when police seize "anything of value"—including a lawnmower, televisions, coveralls, and a socket set—based on a warrant for four specific guns and marijuana. *United States v. Foster*, 100 F.3d 846, 848, 850 (10th Cir. 1996).

¶ 14. In this case, the police overreaching was not "so extreme that the search essentially is transformed into an impermissible general search." *See Bradford*, 939 P.2d at 300. Police here did not seize anything. Their search consisted of moving items in plain view in order to document them. This is not remotely comparable to the extreme police behavior in *Foster* or *Medlin*. *See Foster*, 100 F.3d at 848; *Medlin*, 842 F.2d at 1199. The circuit court correctly concluded the police conduct here, while troubling, did not require suppression of all evidence seized during the search.

¶ 15. Pender next argues the court should have dismissed the charges against him as a sanction for discovery violations by the State. An alleged discovery violation is subject to a harmless error analysis. *State v. Nielsen*, 2001 WI App 192, ¶ 19, 247 Wis. 2d 466, 634 N.W.2d 325. We conclude even assuming the State's delay in turning over the second set of photos was a discovery violation,[3] the violation was harmless.

¶ 16. Pender first argues the delayed disclosure of the photos made it "substantially more difficult" to litigate his suppression motion. However, Pender does not explain how having the photos earlier would have helped his cause. The second set of photos was available to the circuit court in deciding Pender's suppression motion, and is available to us on appeal. To the extent having the photos during the full hearing would have helped Pender demonstrate that objects were moved during the search, the State has conceded that point. Pender also does not explain what additional evidence he would have produced had he had additional time to introduce evidence on his suppression motion.

¶ 17. Pender also argues he was entitled to the photos to attack "the thoroughness and even the good faith of the investigation," presumably at trial. *See Kyles v. Whitley*, 514 U.S. 419, 445 (1995). However, Pender received the photos at the December 2006 motion hearing, well before the scheduled trial date. He

---

[3] The State argues there was no discovery violation in the first place. We need not reach this alternative argument. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶ 8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 (court of appeals decides cases on the narrowest possible grounds).

had ample time to use them in any way he saw fit at trial. The court correctly concluded any discovery violation was harmless.

*By the Court.*—Judgment affirmed.